UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:22-cv-07560-JLS-PVC                                    Date: November 09, 2022
Title:  Ryan A. Longoria v. Ford Motor Company et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  V. R. Vallery  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                              Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

   Plaintiff Ryan Longoria filed this action in the Superior Court of California, County of Los Angeles on July 26, 2022.  (Compl., Doc. 1-1.)  On October 18, 2022, Defendant Ford Motor Company ("Ford") removed the case to this Court, asserting diversity jurisdiction.  (Notice of Removal ¶¶ 13–35, Doc. 1.)

   As the party invoking the removal jurisdiction of this Court, Defendant bears "the burden of establishing federal jurisdiction."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004), *opinion amended on denial of reh'g*, 387 F.3d 966 (9th Cir. 2004).  And "the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raise[] the issue or not."  *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

   A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  *See* 28 U.S.C. § 1332(a).  Here, Ford represents that the amount in controversy exceeds $75,000 because "Plaintiffs' attorneys in Song Beverly cases tried or prepared

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-07560-JLS-PVC　　　　　　　　　　　　Date: November 09, 2022
Title: Ryan A. Longoria v. Ford Motor Company et al

for trial regularly request more than $65,000." (Notice of Removal ¶ 33; *accord* Proudfoot Decl. ¶ 9, Doc. 3.) Defendant estimates actual damages here at $13,573.47 and civil penalties at $27,146.94, so the total amount in controversy is $40,720.41—well below the $75,000 threshold—before adding the $65,000 in anticipated attorneys' fees.

　　　Although Ford cites to actions brought under the Song-Beverly Act where attorneys' fees reached or exceeded its $65,000 estimate, the Court cannot merely accept Ford's assertion that $65,000 attorneys' fees awards are common in such cases. *Cf. Steeg v. Ford Motor Co.*, 2020 WL 2121508, at *5 (N.D. Cal. May 5, 2020) ("[T]he Court may not merely accept Defendants' assertion that 'it is not uncommon, and [is] in fact quite regular, for attorneys' fees and cost awards … to exceed $50,000.'"). Without an estimate of the attorneys' fees that have accrued or will accrue in this particular case, Ford has not provided the Court with a fee estimate that is more likely than not in controversy. *Accord Sood v. FCA US, LLC*, 2021 WL 4786451, at *6 (C.D. Cal. Oct. 14, 2021). Furthermore, Ford has not explained why the circumstances or services required in this case are comparable to the numerous cases cited in the declaration where the plaintiffs requested attorneys' fees of more than $65,000. *See D'Amico v. Ford Motor Co.*, 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) ("Defendant makes no effort to explain what amount of attorney fees might be sought or awarded in this case[.] Instead, Defendant argues only more generally that 'plaintiff's attorneys regularly request more than $65,000 in Song Beverly cases tried or prepared for trial.'").

　　　Because Ford has not met its burden of showing that removal is proper, it is ORDERED to show cause, in writing (no more than five pages), no later than **five (5) days** from the date of this Order, why the Court should not remand the case to Los Angeles County Superior Court. Failure to timely respond will result in immediate remand.

　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: vrv