UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:22-cv-07560-JLS-PVC                              Date: November 16, 2022
Title:  Ryan A. Longoria v. Ford Motor Company et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   V. R. Vallery                                       N/A
Deputy Clerk                                 Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                  Not Present

**PROCEEDINGS:**   **(IN CHAMBERS)  ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 12) AND DISCHARGING THE COURT'S ORDER TO SHOW CAUSE (Doc. 10)**

     Before the Court are: (1) Defendant Ford Motor Company's ("Ford") Response to the Court's Order to Show Cause Re: Remand (OSC, Doc. 10; Response, Doc. 11); and (2) Plaintiff Ryan Longoria's Motion to Remand this case to Los Angeles County Superior Court (Mot., Doc. 12).  The Court finds this matter appropriate for decision without further briefing or oral argument.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Having considered the pleadings, the record, and Plaintiff's Motion, and for the reasons stated below, the Court DENIES Plaintiff's Motion and DISCHARGES the Order to Show Cause.

**I.**     **BACKGROUND**

     Plaintiff filed this "lemon law" action in Los Angeles County Superior Court on July 26, 2022.  (Compl., Doc. 1-1.)  In the Complaint, Plaintiff alleges that Defendant Ford violated California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act") by selling Plaintiff a defective 2018 Ford F-150, failing to repair the vehicle "after a reasonable number of attempts," and then refusing to repurchase the vehicle or otherwise make restitution to Plaintiff.  (*See id.* ¶¶ 8–10, 19–27.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-cv-07560-JLS-PVC  Date: November 16, 2022
Title: Ryan A. Longoria v. Ford Motor Company et al

Ford removed the case to this Court on October 18, 2022, asserting diversity jurisdiction. (Notice of Removal ("Notice), Doc. 1.)

## II. LEGAL STANDARD

A defendant may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Therefore, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a). However, courts "strictly construe the removal statute against removal jurisdiction" and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III. DISCUSSION

### A. Amount in Controversy

Because the Court raised the amount-in-controversy element of diversity jurisdiction in its November 9, 2022 Order to Show Cause ("OSC"), the Court addresses that issue first. In its OSC, the Court noted that the actual damages and civil penalties at issue did not meet the $75,000 threshold for this Court's jurisdiction. The Court further stated that it "cannot merely accept Ford's assertion that $65,000 attorneys' fees awards are common in such cases." (*Id.* at 2.) The Court determined that Ford had not met its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-07560-JLS-PVC                                              Date: November 16, 2022
Title:  Ryan A. Longoria v. Ford Motor Company et al

burden of showing that removal was proper because it had neither provided an estimate of the attorneys' fees that had or likely would accrue in this case nor explained why the circumstances of this case were similar to those of cases where plaintiffs had sought attorneys' fees awards of $65,000 or more.  (*Id.*)

Ford timely responded to the Order with a declaration from its counsel in this case, Matthew Proudfoot.  (Response, Doc. 11.)  In his declaration, Proudfoot states that Plaintiff's counsel, Quill & Arrow LLP: "conducts even more discovery than is typical" in Song-Beverly Act cases; his office "office intends to conduct basic written discovery, depose the plaintiff and inspect the subject vehicle"; the case may proceed to expert discovery if it is not resolved after fact discovery; Quill & Arrow LLP attorneys' hourly rates "range from $250 to $500"; and Quill & Arrow LLP recently demanded $60,000 from his office to resolve fees in a different case that settled after limited fact discovery.  (*Id.* ¶¶ 5–8.)

Generally, the Court would not consider Ford's proffer sufficient to convert Ford's estimated attorneys' fees request of $65,000 from speculative to adequately supported.  Proudfoot does not explain how the disparate facts that he cites support his particular claimed amount, nor does he explain how the case in which his office received a $60,000 attorneys' fees request from Quill & Arrow LLP is similar to this case.  That said, in his Motion to Remand, Plaintiff has taken the position that it is apparent from the face of his Complaint that the amount in controversy exceeds this Court's jurisdictional minimum.  The Court treats that as a factual concession that the amount at issue in this litigation, including attorneys' fees, is greater than $75,000.  Accordingly, Ford has proven that the amount-in-controversy exceeds $75,000 by a preponderance of the evidence.

The Court now turns to Plaintiff's arguments in his Motion to Remand.  While not contesting the amount in controversy, Plaintiff nonetheless contends that remand is necessary because (1) removal was untimely and (2) "Ford's Notice of Removal fails to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-07560-JLS-PVC                                                Date: November 16, 2022
Title:  Ryan A. Longoria v. Ford Motor Company et al

simply provide a plausible allegation that Plaintiff was a citizen of California" to satisfy the complete diversity requirement under 28 U.S.C. § 1332.  (Mot. at  3–5.)  Plaintiff's arguments are unavailing.

B. **Timeliness of Removal**

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if the case stated by the initial pleading is not removable," then the notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

In its Notice, Ford states that "Plaintiff's Complaint did not allege an amount in controversy," and Ford was unable to obtain information about the amount in controversy here until September 19, 2022—when it received a copy of the lease agreement for Plaintiff's F-150.  (Notice ¶ 5.)  Plaintiff argues that the make, model, year, and VIN for his vehicle were included in the Complaint, and that Ford's "vast experience" with cases of this type should have made Ford aware that amount in controversy would total at least $75,000.  (Mot. at 9.)  He contends that Ford should have filed its Notice within 30 days of service of his Complaint.  (*Id.* at 8–9.)

Plaintiff's Complaint contains no allegations regarding the value of his lease. "When a defendant seeks to remove a case brought under the Song-Beverly Act, district courts in this circuit consider the amount a plaintiff has actually paid on her lease, rather than the total value of the lease, to determine whether the amount in controversy has been met." *Cuevas v. Ford Motor Co.*, 2022 WL 1487178, at *2 (C.D. Cal. May 11, 2022) (citing *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002)). As this Court has explained in a recent, similar case, "a lease situation differs from a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-07560-JLS-PVC                                                  Date: November 16, 2022
Title:  Ryan A. Longoria v. Ford Motor Company et al

purchase inasmuch as the actual amount paid on the lease and the mileage offset could vary widely depending on the terms of the lease, the time elapsed on the lease, and how much Plaintiff drove the car."  *Cuevas*, 2022 WL 1487178, at *2.  Although it is possible that Ford could have taken affirmative steps to ascertain the value of Plaintiff's lease without waiting for Plaintiff to provide the agreement, the Complaint itself does not clearly establish that the amount in controversy is met, and Ford was not required to take those steps.  *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.").

      Plaintiff argues that, although he did not specify his damages in his Complaint, he did specify in his Civil Cover Sheet and the Complaint's caption page that his claim fell within the unlimited jurisdiction of the Superior Court.  (Mot. at 10.)  Plaintiff asserts that, because the Civil Cover Sheet stated that his damages exceeded $25,000, and he was entitled to penalties of up to two times his damages as well as attorneys' fees, it was clear from the four corners of his Complaint that the amount in controversy must be at least $75,000.  (*Id.* at 10 & n.1.)  Yet the Civil Cover Sheet for Plaintiff's Complaint did not assert that his "damages" exceed $25,000: it stated only that the "amount demanded exceeds $25,000," and did not specify what this amount includes.  (*See* Doc. 1-1 at 13.)  Thus, "[t]he Civil Cover Sheet did not provide grounds for removal at the time of service."  *Cuevas*, 2022 WL 1487178, at *3; *cf. Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 1001 (C.D. Cal. 2021) (finding plaintiff's allegation that she suffered at least $25,001 in damages did not make clear that the amount in controversy totaled $75,000 in a similar case brought under the Song-Beverly Act).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:22-cv-07560-JLS-PVC                                            Date: November 16, 2022
Title:  Ryan A. Longoria v. Ford Motor Company et al

### C. Complete Diversity

Plaintiff's further argument, that Ford has failed to establish complete diversity because it assumes Plaintiff's California citizenship from his alleged residence in California, is also unavailing.  In its Notice, Ford cites to Plaintiff's Complaint, which states: "Plaintiff, RYAN A. LONGORIA, is an individual residing in the City of Hacienda Heights, State of California."  (Compl. ¶ 2; Notice ¶ 17.)   Furthermore, Ford has filed a copy of the lease agreement for Plaintiff's F-150, which lists an address in Hacienda Heights, California for Plaintiff.  (Proudfoot Decl. Ex. A (Lease Agreement), Doc. 3 at 6–9.)  There is no dispute that, as Plaintiff notes, a natural person's state of *domicile*, not *residency*, determines that person's citizenship, and "a person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  (Mot. at 11.)  Yet Plaintiff has not offered any evidence to rebut Ford's assumption that he is in fact domiciled in California, where his Complaint and the lease agreement state that he resides.  Such unrebutted evidence supports a finding of California citizenship.  *See El-Said v. BMW of N. Am., LLC*, 2020 WL 1187171, at *3 (C.D. Cal. Mar. 11, 2020) (Staton, J.) (finding citizenship where purchase agreement listed a California address and plaintiff did not deny he was a citizen of California); *cf. Salazar v. Ford Motor Co.*, 2022 WL 16855563, at *5 (C.D. Cal. Nov. 10, 2022) (following *El-Said* and finding that plaintiff's California citizenship was established based on allegations in the complaint and address in sale contract); *Ghebrendrias v. FCA US LLC*, 2021 WL 5003352, at *3 (C.D. Cal. Oct. 28, 2021) (same).  Thus, it appears that Plaintiff is a citizen of California.  Because Plaintiff does not dispute that Defendant is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-07560-JLS-PVC                                                  Date: November 16, 2022
Title:  Ryan A. Longoria v. Ford Motor Company et al

citizen of Michigan and Delaware, the Court is satisfied that Defendant has demonstrated complete diversity of citizenship.

Accordingly, the Court finds that Ford's jurisdictional allegations are sufficient. Remand is unwarranted here.

**IV.      CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand and DISCHARGES the Order to Show Cause.

Initials of Deputy Clerk: vrv